**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LESLYE SCIPIO,<br><br>Plaintiff,<br><br>vs.<br><br>TREMCO CPG, INC.; WEATHERPROOFING TECHNOLOGIES, INC.; RPM INTERNATIONAL, INC.; CHRIS TRIPLETT; and JOHN DOES 1-5 AND 6-10,<br><br>Defendants. | : | CIVIL ACTION<br><br>DOCKET NO:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>*Electronically filed* |

Plaintiff, Leslye Scipio ("Plaintiff"), residing in Lawrence Township, New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

This matter is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"), alleging race discrimination and harassment (hostile work environment) as well as retaliation in employment.

**Jurisdiction and Venue**

1. Jurisdiction of the court is invoked pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331, 28 U.S.C. § 1332 and pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

2. Venue is proper within this district pursuant to 28 U.S.C. § 1391 because all of the events or substantially all of the events described below took place within the district.

**Identification of Parties**

3. Plaintiff Leslye Scipio ("Plaintiff") resides in Lawrence Township, New Jersey, and, at all relevant times herein, is a former employee of the entity defendants Tremco, WTI and RPM, as described herein.

4. Defendant Tremco CPG, Inc. ("Tremco"), at all relevant times herein, is an entity employing at least fifteen (15) employees with its principal place of business located at 3735 Green Rd., Beachwood, Ohio, and doing business at various worksites within this district including with respect to the assignments given to Plaintiff while Plaintiff was in Tremco's employ.

5. Defendant Weatherproofing Technologies, Inc. ("WTI"), at all relevant times herein, is an entity employing at least fifteen (15) employees with its principal place of business located at 3735 Green Rd., Beachwood, Ohio, and doing business at various worksites within this district including with respect to the assignments given to Plaintiff while Plaintiff was in WTI's employ.

6. Defendant RPM International, Inc. ("RPM"), at all relevant times herein, is an entity employing at least fifteen (15) employees with its principal place of business located at 3735 Green Rd., Beachwood, Ohio, and doing business at various worksites within this district including with respect to the assignments given to Plaintiff while Plaintiff was in RPM's employ.

7. Upon information and belief, at all times relevant herein, Defendant WTI is a wholly owned division of Defendant Tremco.

8. Upon information and belief, at all times relevant herein, Defendants WTI and Tremco are entities wholly owned by the parent entity Defendant RPM.

9. Upon information and belief, at all times relevant herein, Defendants WTI, Tremco and RPM (hereinafter, the "Entity Defendants") acted as a joint enterprise and/or as *alter egos* of one another with respect to all material aspects of Plaintiff's employment, including:

a. Shared headquarters;

b. Shared decision-makers;

c. Shared Human Resources functions;

d. Shared benefit plans;

e. Shared employment policies;

f. Shared business and operating structures; and

g. Shared nucleus of operations.

10. Defendant Chris Triplett, at all relevant times herein, is an individual employed jointly by the Entity Defendants, who, on the basis of his own direct acts or on the basis of *respondeat superior*, is answerable to the Plaintiff in this matter.

11. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff in this matter.

**<u>Exhaustion of Administrative Remedies</u>**

12. Plaintiff exhausted his administrative remedies by filing a verified complaint encompassing all claims herein under Title VII, the PHRA and the PFPO with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Philadelphia Human Relations Commission ("PHRC"), which was docketed at EEOC Charge Nos. 530-2025-00818, 530-2025-00819 and 530-2025-00820, and for which complaint the EEOC issued "Right to Sue" Notices closing its investigation on or about July 23, 2026, less than ninety (90) days

prior to the filing of this action. True and correct copies of the EEOC Notices of Right to Sue are attached hereto as Exhibit "A".

**General Allegations**

13. Plaintiff, a Black/African-American male, began working for the Entity Defendants in or around May 2023 as a Project Superintendent.

14. For the majority of Plaintiff's employment with the Entity Defendants, Plaintiff was assigned to projects in both Pennsylvania and New Jersey, with his time approximately evenly split between projects in these two states.

15. At all times relevant, Plaintiff was qualified for and performed his job up to and/or beyond the reasonable expectations of his employers.

16. Plaintiff initially received positive feedback on the first several projects to which he was assigned through the end of 2023.

17. In or around January 2024, Plaintiff was assigned to a project at Deer Park Elementary/Middle School in Owing Mills, Maryland.

18. Upon assignment to the Deer Park project, one of Plaintiff's supervisors was Defendant Chris Triplett (White/Caucasian).

19. When Plaintiff arrived at the project site, he found an active and busy construction zone with several subcontractors onsite, including roofers, masons, plumbers and metalworkers, all working directly adjacent to the area where children were entering the school.

20. Plaintiff had not been advised prior to arriving that school would be in session during the construction work, and he took immediate steps to put a safety plan in place with the school administrators.

21. Plaintiff re-routed student access to avoid the most active and dangerous parts of the construction work and personally monitored the flow of pedestrian and construction traffic from his truck to further ensure safety while children were entering the school.

22. Defendant Triplett observed Plaintiff monitoring the situation from his truck and called Plaintiff to question why he was sitting in his vehicle.

23. Plaintiff explained the safety issue and what Plaintiff was doing to ensure student safety, at which point Defendant Triplett acknowledged the issue and advised that he would make a call about it.

24. Defendant Triplett then asked Plaintiff to go over to Defendant Triplett's vehicle, where Defendant Triplett was sitting with another White/Caucasian individual from York, Pennsylvania, at which point Defendant Triplett made several offensive, inappropriate and racist comments about Plaintiff, as follows:

a. When Plaintiff neared Defendant Triplett's vehicle, Defendant exclaimed, "Damn, you're Black!"
b. Defendant Triplett then stated, "My dog doesn't like Black people," while showing a picture of his German Shepherd on his phone.
c. Defendant Triplett then stated to Plaintiff, "You should come over and try to do something to my wife. I'll pay you and let's see what my dog would do to you."

25. Plaintiff was shocked and offended but remained professional and returned to his duties.

26. That evening, Plaintiff reported Defendant Triplett's racist and inappropriate comments to the Entity Defendants' Regional Business Manager, Robert Mefford.

27. Plaintiff thereby engaged in protected activity under Title VII, the PHRA and the PFPO.

28. Mefford told Plaintiff that he (Mefford) would notify Human Resources ("HR") about Plaintiff's complaint, however, nobody ever followed up with Plaintiff, either Mefford or HR.

29. After hearing nothing further after complaining about this racial harassment, Plaintiff reported the incident to the Entity Defendants' HR Business Partner, Terri Davidson.

30. Plaintiff thereby engaged in further protected activity.

31. Davidson confirmed receiving Plaintiff's complaint and advised that she was conducting an internal investigation.

32. On or about June 27, 2024, Davidson advised that her investigation was complete, however, no outcome or any other information was provided to Plaintiff, despite his multiple attempts to follow up for further information throughout July 2024.

33. On or about July 30, 2024, Davidson called Plaintiff, but not to update him on the results of the investigation of Plaintiff's complaint of racial harassment.

34. Instead, Davidson informed Plaintiff that *he* was now the subject of an internal investigation, and he was accused of taking photographs of subcontractors at the jobsite.

35. Plaintiff explained that taking photographs was a normal part of his job duties and an essential part of quality and safety reporting.

36. Despite this being a regular and necessary part of Plaintiff's job duties, he was then removed from the Deer Park project and sent back to work in New Jersey.

37. Defendant Triplett, on the other hand, was named "Supervisor of the Year" after racially harassing Plaintiff, and Davidson continued to ignore Plaintiff's requests for follow-up regarding the outcome of the investigation into Plaintiff's complaint.

38. On or about September 30, 2024, Davidson facilitated a conference call with Defendant Triplett and Plaintiff during which she informed Plaintiff that he would be required to continue reporting to Defendant Triplett.

39. Defendant Triplett grew combative during this call, yelling that Plaintiff had "created a mess" and "put a black spot" on Defendant Triplett's name.

40. Despite Defendant Triplett's berating of Plaintiff for engaging in protected activity, the Entity Defendants did not issue any discipline whatsoever to Defendant Triplett, not even a write-up.

41. Plaintiff was then assigned to work directly under Defendant Triplett's supervision on projects in West Chester and King of Prussia, Pennsylvania, where Plaintiff reported directly to both Defendant Triplett and another White/Caucasian supervisor, Ray Snyder.

42. After arriving at the King of Prussia jobsite in or around March 2025, Snyder commented to others that Defendant Triplett had "been on [Plaintiff's] back."

43. Plaintiff informed Defendant Triplett about Snyder's comment, to which Defendant Triplett replied, "You put a black spot on my name. I don't even want to talk to you without HR present."

44. Within a few weeks thereafter, on or about April 15, 2025, the Entity Defendants advised Plaintiff, without any notice or warning or any prior discipline, that he was terminated.

45. The Entity Defendants offered two (2) conflicting and false reasons for the termination – first, that Plaintiff was being terminated for failing to submit schedules *four months*

*earlier* while Plaintiff was sick with the flu, for which Plaintiff was never written up or otherwise disciplined; and second, that Plaintiff was terminated due to a lack of available work.

46. Both of these reasons were merely pretext for unlawful race discrimination and/or retaliation, without which unlawful motives, Plaintiff would not have been terminated.

47. The conduct described above was:

a. Harassing, offensive and/or abusive in nature;

b. Motivated by Plaintiff's race and/or by Plaintiff's protected activity set forth above;

c. Severe and/or pervasive;

d. Permeated the work environment to such an extent that a reasonable person similarly situated to Plaintiff would find the environment had become hostile and abusive, thereby altering the terms and conditions of employment;

e. The work environment did so alter for Plaintiff;

f. Was conducted by supervisory employees such that liability for the conduct is imputed to the Entity Defendants;

g. Was reported by Plaintiff to the Entity Defendants such that the Entity Defendants had actual and/or constructive notice of the harassment;

h. Conducted by upper managerial and/or supervisory personnel; and

i. The Entity Defendants failed to take prompt and reasonable steps to correct and/or prevent further harassment from occurring.

48. The Entity Defendants' adverse employment actions taken against Plaintiff were because of Plaintiff's race.

49. In addition and/or in the alternative, the Entity Defendants' adverse employment actions taken against Plaintiff were in retaliation for Plaintiff's protected activity described above.

50. Any legitimate, non-discriminatory and/or non-retaliatory reasons the Entity Defendants proffer for the conduct described above are merely pretext for one or more of the unlawful reasons articulated above.

51. To the extent any legitimate, non-discriminatory and/or non-retaliatory reasons actually existed for the Entity Defendants' actions, the actions would not have been taken but for one or more of the unlawful motives herein, such that a "mixed motive" analysis will be required, as Plaintiff need only show that a determinative or motivating factor in conduct above was because of one or more of the unlawful reasons articulated above.

52. As a result of Defendants' conduct described above, Plaintiff has been forced to suffer both economic and non-economic harm, including emotional pain and suffering.

53. Because Defendants' actions and/or omissions described above were undertaken, ratified and/or condoned by members of the Entity Defendants' upper management and/or members of upper management were willfully indifferent to the same, and because such actions were especially egregious, malicious and/or undertaken with reckless disregard for Plaintiff's rights under the relevant statutes, punitive damages are warranted.

## COUNT I

**Title VII - Race Discrimination**
***Against the Entity Defendants***

54. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

55. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for race discrimination in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT II**

**Title VII – Retaliation**
***Against the Entity Defendants***

56. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

57. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for retaliation in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT III**

**Title VII – Racial Harassment (Hostile Work Environment)**
***Against the Entity Defendants***

58. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

59. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for racial harassment (hostile work environment) in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT IV**

**Title VII – Retaliatory Harassment (Hostile Work Environment)**
***Against the Entity Defendants***

60. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

61. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for retaliatory harassment (hostile work environment) in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT V**

**PFPO - Race Discrimination**
***Against the Entity Defendants***

62. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

63. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for race discrimination in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT VI**

**PFPO – Retaliation**
***Against the Entity Defendants***

64. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

65. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for retaliation in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT VII**

**PFPO – Racial Harassment (Hostile Work Environment)**
***Against the Entity Defendants***

66. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

67. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for harassment (hostile work environment) based on race in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT VIII

**PFPO – Retaliatory Harassment (Hostile Work Environment)**
***Against the Entity Defendants***

68. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

69. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for retaliatory harassment (hostile work environment) in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

## COUNT IX

**PFPO – Aiding and Abetting Racial Harassment**
***Against Defendant Triplett***

70. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

71. For the reasons set forth above, Defendant Triplett is liable to Plaintiff for aiding and abetting racial harassment in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, punitive

damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT X**

**PFPO – Aiding and Abetting Retaliatory Harassment**
***Against Defendant Triplett***

72. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

73. For the reasons set forth above, Defendant Triplett is liable to Plaintiff for aiding and abetting retaliatory harassment in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT XI**

**PFPO – Aiding and Abetting Race Discrimination**
***Against Defendant Triplett***

74. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

75. For the reasons set forth above, Defendant Triplett is liable to Plaintiff for aiding and abetting discrimination in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including

equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT XII**

**<u>PFPO – Aiding and Abetting Retaliation</u>**
***Against Defendant Triplett***

76. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

77. For the reasons set forth above, Defendant Triplett is liable to Plaintiff for aiding and abetting retaliation in violation of the PFPO.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT XIII**

**<u>PHRA - Race Discrimination</u>**
***Against the Entity Defendants***

78. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

79. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for race discrimination in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back

pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT XIV**

**PHRA – Retaliation**
***Against the Entity Defendants***

80. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

81. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for retaliation in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT XV**

**PHRA – Racial Harassment (Hostile Work Environment)**
***Against the Entity Defendants***

82. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

83. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for harassment (hostile work environment) based on race in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, interest, cost of

suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT XVI**

**PHRA – Retaliatory Harassment**
***Against the Entity Defendants***

84. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

85. For the reasons set forth above, the Entity Defendants are liable to Plaintiff for retaliatory harassment (hostile work environment) in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT XVII**

**PHRA – Aiding and Abetting Racial Harassment**
***Against Defendant Triplett***

86. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

87. For the reasons set forth above, Defendant Triplett is liable to Plaintiff for aiding and abetting racial harassment in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT XVIII**

**PHRA – Aiding and Abetting Retaliatory Harassment**
***Against Defendant Triplett***

88. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

89. For the reasons set forth above, Defendant Triplett is liable to Plaintiff for aiding and abetting retaliatory harassment in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT XIX**

**PHRA – Aiding and Abetting Race Discrimination**
***Against Defendant Triplett***

90. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

91. For the reasons set forth above, Defendant Triplett is liable to Plaintiff for aiding and abetting discrimination in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT XX

**<u>PHRA – Aiding and Abetting Retaliation</u>**
***Against Defendant Triplett***

92. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

93. For the reasons set forth above, Defendant Triplett is liable to Plaintiff for aiding and abetting retaliation in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

## <u>REQUEST FOR DECLARATORY AND EQUITABLE RELIEF</u>

94. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

95. In addition to the judgment and relief requested above, Plaintiff requests the following declaratory and equitable remedies and relief in this matter:

a. Plaintiff requests a declaration by this Court that the practices contested herein violate Federal law, Pennsylvania law and Philadelphia municipal law as set forth herein;

b. Plaintiff requests that this Court order the Defendants to cease and desist engaging in the unlawful conduct alleged herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated;

c. Plaintiff requests that any order for equitable back pay includes the full value of all lost wages, benefits, fringe benefits, and other remuneration of which Plaintiff was deprived due to Defendants' unlawful acts such that the equitable remedies ordered make Plaintiff whole;

d. Plaintiff requests that the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or Plaintiff's attorneys in connection with this litigation and all of Plaintiff's reasonable attorneys' fees along any equitable and/or required enhancements to said attorneys' fees;

e. Plaintiff requests that the Court order the Defendants to have all supervisory and human resources personnel undergo and complete an initial training within 60 days of any equitable order, and thereafter annual training, on the prevention of employment practices prohibited by Title VII, the PFPO and the PHRA, and to require that such training be conducted by an independent consultant with specific expertise in such training and prevention and who is not otherwise employed by or in any contractual relationship with the Defendants;

f. Plaintiff requests that the Court order the Defendants to finish proof of completion of the initial training described herein to Plaintiff within 90 days of the entry of any such equitable order;

g. Plaintiff requests that the Court order that the Defendants expunge from all records any reference to any discipline of the Plaintiff and that the Defendants be restricted from furnishing any information about the Plaintiff other than the dates of Plaintiff's employment and last position held unless legally required to produce other information; and

h. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, declaratory relief and equitable relief to include equitable reinstatement, equitable back pay, equitable front pay, equitable reinstatement, interest, costs of suit, attorneys' fees, enhanced attorneys' fees and any other relief the Court deems equitable and just.

Respectfully submitted:

**COSTELLO & SILVERMAN, LLC**

Dated: September 8, 2026

By: ***/s/ Miriam S. Edelstein***
**Miriam S. Edelstein**
PA ID No. 204557
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
Tel: (856) 727-9700
Fax: (856) 727-9797
medelstein@costellosilverman.com

**DEMAND FOR A TRIAL BY JURY**

Plaintiff, by and through his above signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal rules of civil procedure, a trial by jury on all counts in the above-captioned action.

**COSTELLO & SILVERMAN, LLC**

**By: *\/s/ Miriam S. Edelstein***
**Miriam S. Edelstein**

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/23/2026

**To:** Leslye Scipio
24 Hawk Road
Lawrence Township, NJ 08648

Charge No: 530-2025-08018

EEOC Representative and Phone: Legal Unit Representative
(267) 589-9707

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-08018.

On behalf of the Commission,

Digitally Signed By:JAMIE WILLIAMSON
07/23/2026

JAMIE WILLIAMSON
DISTRICT DIRECTOR

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/23/2026

**To:** Leslye Scipio
24 Hawk Road
Lawrence Township, NJ 08648

Charge No: 530-2025-08019

EEOC Representative and Phone: Legal Unit Representative
(267) 589-9707

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-08019.

On behalf of the Commission,

Digitally Signed By:JAMIE WILLIAMSON
07/23/2026

JAMIE WILLIAMSON
DISTRICT DIRECTOR

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/23/2026

**To:** Leslye Scipio
24 Hawk Road
Lawrence Township, NJ 08648

Charge No: 530-2025-08020

EEOC Representative and Phone: Legal Unit Representative
(267) 589-9707

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-08020.

On behalf of the Commission,

Digitally Signed By:JAMIE WILLIAMSON
07/23/2026
JAMIE WILLIAMSON
DISTRICT DIRECTOR